UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TEXAS UJOINTS LLC, a/k/a
Automotive Industrial Supply Co Inc,

        Plaintiff,

   v.                                     Case No. 13-C-1008

DANA HOLDING CORPORATION and
DANA LIMITED,

        Defendants.

**ORDER ON DEFENDANTS' MOTIONS FOR RULE 12(b)(6) DISMISSAL
AND TO STRIKE NOTICE OF VOLUNTARY DISMISSAL**

This case is before me on the Defendants' Rule 12(b)(6) motions to dismiss Plaintiff's antitrust claim and to strike Plaintiff's notice of voluntary dismissal of the same claim without prejudice. For the reasons that follow, Defendants' motions will be denied and Plaintiff will be granted leave to amend subject to payment of Defendants' costs and attorneys fees. If Plaintiff elects not to pay Defendants costs and attorneys fees, the motions will be granted.

On August 7, 2013, Plaintiff Texas Ujoints LLC, a Texas limited liability company with its principal place of business located in Texas, commenced this action in Brown County Circuit Court against Dana Holding Corporation, a Delaware corporation located in Ohio, and Machine Services, Inc. (MSI), a Wisconsin corporation located in Green Bay. The complaint alleged that Dana improperly terminated an alleged distribution agreement with Texas Ujoints in violation of the Texas Distributor's Act. The complaint also asserted a claim for breach of contract against Dana and claims for conspiracy and tortious interference with contractual relations against MSI.

The sole member of Texas Ujoints is another limited liability company, the sole members of which are domiciled in Wisconsin, making Texas Ujoints a Wisconsin citizen for purposes of 28 U.S.C. § 1332. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("In common with other courts of appeals, we have held that limited liability companies are citizens of every state of which any member is a citizen."). Claiming that defendant MSI, also a Wisconsin citizen, had been fraudulently joined, Dana removed the action to this court pursuant to 28 U.S.C. § 1441(b). The Court agreed that MSI had been fraudulently joined and denied Texas Ujoint's motion to remand. Texas Ujoints then filed an amended complaint that added Dana Limited, a wholly owned subsidiary of Dana, as a defendant, and asserted an antitrust claim against both defendants, who unless otherwise indicated, I will refer to collectively as Dana. Dana moved for dismissal of the antitrust claims, claiming that the amended complaint lacked any of the factual support required by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and that it therefore failed to state a claim under any antitrust theory.

In response to Dana's motion to dismiss, Texas Ujoints filed a notice of voluntary dismissal of its antitrust claim without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Texas Ujoints elected not to oppose Dana's Rule 12(b)(6) motion to dismiss because, as it later conceded, "it is unable to meet the pleading standard for an anti-trust claim at this time." (ECF No. 54 at 1.) Texas Ujoints seeks to voluntarily dismiss its antitrust claim, however, rather than concede Dana's motion because it wants to avoid a dismissal with prejudice. *See Waypoint Aviation Services Inc. v. Sandel Avionics, Inc.*, 469 F.3d 1071, 1073 (7th Cir. 2006) (noting that "dismissals under Rule 12(b)(6) logically are with prejudice"). Texas Ujoints wants to avoid a dismissal with prejudice so it will be able to reassert the antitrust claim in the event that later discovery provides the factual support that it lacks at this time. Dana has moved to strike Texas Ujoints' Notice of Voluntary Dismissal

2

on the grounds that Rule 41 does not authorize dismissal of a single claim in a complaint and, in any event, voluntary dismissal under Rule 41(a)(1)(A) is no longer permitted because Dana answered the original complaint.

Dana is correct. Rule 41(a) allows for the voluntary dismissal of an action by the plaintiff. If the dismissal is sought before the opposing party has filed an answer or a motion for summary judgment, no order of the court is necessary and the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1). If, on the other hand, dismissal is sought after an answer or motion for summary judgment has been filed, the action can be dismissed at the plaintiff's request only by court order and on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2).

As Dana points out, Rule 41 speaks of actions, not individual claims. *See Berthold Types Ltd. v. Adobe Systems Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) (noting that " Rule 41(a)(1)(i) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case"). Because Texas Ujoints seeks dismissal of only one of its claims, Rule 41(a) is not applicable. A further problem with Texas Ujoints' notice of voluntary dismissal is that Dana has already filed an answer in the action. Once a defendant files an answer to the complaint, the plaintiff loses "its privilege to dismiss the action by notice under Rule 41(a)(1)(i)." *Id.*

Recognizing as much, Texas Ujoints asks the court to construe its notice of voluntary dismissal as a motion for leave to file a second amended complaint omitting the antitrust claim. Texas Ujoints has attached to its brief a proposed complaint that eliminates the language asserting an antitrust claim. Dana understandably opposes Texas Ujoints' request. Dana notes that it has not only answered Texas Ujoints' original complaint, but also filed a motion to dismiss the antitrust claim asserted by Texas Ujoints. Dana contends that it has expended substantial time and resources in seeking dismissal of the claim. Since Plaintiff essentially concedes that it is not able to state an

3

antitrust claim, Dana argues that its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) should be granted and the dismissal should be with prejudice.

Whether I construe Texas Ujoints' notice of voluntary dismissal as a motion to amend its complaint yet again pursuant to Rule 15(a), or a request for voluntary dismissal under Rule 41(a)(2), I am required to grant such relief, if at all, only on terms that are proper. Rule 41(a)(2) states as much on its face: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Under Rule 15(a), the court's authority to impose conditions on a motion to amend is inferred. "The imposition of terms often will further the rule's liberal amendment policy. If the party opposing the amendment can be protected by the use of conditions from any possible prejudice that might result from the untimeliness of the amendment, there is no justifiable reason for not allowing it." Wright, Miller & Kane, 6 FEDERAL PRACTICE AND PROCEDURE § 1486 at 693 (West 2010). *See also Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) ("A trial court may deny leave to amend when the amendment would cause the opposing party to bear additional discovery costs litigating a new issue and the moving party does not offer to reimburse the nonmoving party for its expenses."). "The award also may include costs that were incurred by the opposing party in connection with preparing to meet the portions of the original pleading that have been eliminated from the action by the amendment." Wright, Miller & Kane, *supra*, at 694-95. Since the notice addresses only a single claim and not the entire action, I will treat it as a motion to amend pursuant to Rule 15(a).

I conclude that leave to amend without the antitrust claim should be granted, but only if Texas Ujoints agrees to pay Dana the attorneys fees and costs it incurred in its motion to dismiss that claim. If, as Texas Ujoints concedes, "it is unable to meet the pleading standard for an

4

anti-trust claim at this time," it should never have asserted an antitrust claim in its complaint. Antitrust claims are expensive to defend and thus offer plaintiffs a large degree of leverage in settlement discussions. *Twombly*, 550 U.S. at 559 (noting that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings"). It was in the hope of avoiding "the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support a § 1 claim" that led the *Twombly* majority to require allegations that reach a level suggesting a conspiracy in order to avoid a Rule 12(b)(6) dismissal. *Id.* (internal quotations and brackets omitted). In light of these considerations, Dana should not be placed in the position of again facing an antitrust claim by Texas Ujoints unless the expenses it was required to incur in defending the current claim are paid.

Accordingly, and for the reasons set forth, Texas Ujoints' notice of voluntary dismissal is construed as a motion for leave to file an amended complaint dropping its antitrust claim. As so construed, the motion is granted conditioned upon Texas Ujoints paying Dana the costs and attorneys fees incurred seeking dismissal of the antitrust claim. If Texas Ujoints elects not to pay such amount, its motion for leave to amend is denied, Dana's Rule 12(b)(6) motion to dismiss will be granted and the antitrust claim dismissed with prejudice. Texas Ujoints will have ten days to advise the court of its decision.

**SO ORDERED** this  9th  day of September, 2014.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court